**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**COVINGTON**

**CRIMINAL NO. 25-71-S-DLB-CJS-2**

**UNITED STATES OF AMERICA** **PLAINTIFF**

**V.** **SENTENCING MEMORANDUM**

**RYAN L. COOLEY** **DEFENDANT**

* * * * *

The Defendant sold pressed fentanyl pills supplied by Nathaniel Ferguson on numerous occasions for an extended time. This chain of distribution eventually caused a fatal overdose. The Defendant has multiple prior convictions for offenses involving weapons and drugs and has committed new criminal offenses while on various forms of conditional release.

## I. Summary of offense:

On May 21, 2025, Nathaniel Ferguson distributed approximately 50 blue pressed fentanyl pills to the Defendant. The Defendant then sold those pills to Nicholas Sturgill, a former co-worker, at a Speedway gas station in Ohio. After obtaining the pills from the Defendant, Sturgill transported those pills to the Kenton County residence he shared with A.L.T. Sturgill shared the pills with A.L.T. and A.L.T. died from the use of those pills on May 22, 2025. The toxicology report revealed high levels of fentanyl and xylazine in

A.L.T.'s blood and the medical examiner concluded that the cause of death was an overdose of these substances.[1]

Agents searched the bathroom where A.L.T. was discovered and recovered a syringe from the bathroom sink and a spoon with blue powder residue from the bathroom sink drawer. They also recovered approximately 45 blue pressed pills, along with other drug paraphernalia. The pills and residue were tested and found to contain fentanyl and xylazine.

Sturgill admitted that he obtained pressed fentanyl pills from the Defendant for approximately one year, including on May 21, 2025, for his and A.L.T.'s use. He admitted that the blue pressed fentanyl pills recovered from their shared residence were from the transaction with the Defendant on May 21, 2025, and that these pills caused A.L.T.'s death. Sturgill showed agents text messages on his phone corroborating his account of dealing with the Defendant and the events on May 21, 2025. The messages also confirmed that the Defendant was aware that Sturgill was distributing some of the pressed pills to A.L.T.

At the direction of agents, Sturgill subsequently purchased ten pressed blue pills from the Defendant on June 11, 2025, June 19, 2025, and July 16, 2025, for a total of 30 pills. Testing revealed that the pills from June 11 contained fentanyl, xylazine, and ketamine; the pills from June 19 contained carfentanil; the pills from July 16 contained fluorofentanyl (a fentanyl analogue), fentanyl, and xylazine.

[1] Fentanyl is a Schedule II controlled substance and xylazine is a sedative commonly used as a veterinary medicine and a cutting agent for fentanyl

On July 22, 2025, agents executed a search warrant on the Defendant's Cincinnati residence. The Defendant admitted selling the pressed blue pills to Sturgill on May 21, 2025. The Defendant identified Ferguson as the source of supply for all the pressed blue pills he had distributed to Sturgill, including those from the May 21, 2025 transaction. The Defendant showed agents messages with the Ferguson that corroborated his statements. At the request of agents, the Defendant contacted Ferguson and bought 10 additional pressed fentanyl pills. Agents recovered these after the transaction and testing revealed that they contained fluorofentanyl, fentanyl, and xylazine.

## II. <u>Objections to the Presentence Report</u>:

The United States is unaware of any objections requiring further adjudication.

## III. <u>Sentencing Factor Analysis</u>:

The Defendant's advisory guideline range is 240 months, the statutory minimum term. The Defendant's conduct in this case supports a sentence above the statutory minimum. He profited over an extended time by regularly distributing significant amounts of pressed fentanyl pills. Unlike many other drug traffickers, he was not driven by addiction. The Defendant was in the middle of the known distribution chain that caused the death of A.L.T.

The Defendant's personal characteristics also support a sentence above the statutory minimum term. His limited work history increases the risk of recidivism. He has been convicted of multiple prior offenses involving drugs and weapons and has violated terms of conditional release in the past. These facts show increased danger to the public and a lack of respect for the law.

## IV. **Conclusion**:

The United States will make its recommendation as to the sentence to be imposed at the sentencing proceeding after reviewing the totality of the circumstances and the material offered by the defense.

Respectfully submitted,

JASON D. PARMAN
UNITED STATES ATTORNEY

By:

Anthony J. Bracke
Assistant United States Attorney
207 Grandview Drive, Suite 400
Ft. Mitchell, Kentucky 41017
(859) 655-3200
Anthony.Bracke@usdoj.gov

## CERTIFICATE OF SERVICE

On September 28, 2026, I filed this document through the ECF system, which will provide a copy of the document to counsel for all parties.

s/ Anthony Bracke
Assistant United States Attorney